1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Orville NOAH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7139.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Orville Noah appeals from a district court judgment affirming the Secretary of Health and Human Services' decision to terminate his disability benefits. In this appeal, claimant argues that the decision to terminate was not based on substantial evidence and that the administrative law judge (ALJ) improperly relied on answers to misleading and incomplete hypothetical questions posited to the vocational expert. We affirm.
 
 
 6
 Claimant Noah was originally awarded disability benefits in 1984, based on a finding that the hip replacement surgery he underwent that year rendered him totally disabled. In late 1987, however, the agency reevaluated his case and determined his medical condition had improved to a level that rendered him able to perform substantial gainful employment. Following a supplemental hearing in November of 1990, the ALJ found claimant's disability ended in November of 1987.[1]
 
 
 7
 Claimant's main argument on appeal is that the ALJ did not adequately take into consideration his testimony regarding the severe pain he experiences. Further, claimant argues the ALJ did not take into account the side effects of his medication when evaluating his ability to work. As a corollary, in his second argument, claimant maintains that the ALJ posed improper questions to the vocational expert because they did not sufficiently relate the extent of his impairments, most particularly those which are caused by the medication.
 
 
 8
 Where, as here, the issue before the court is the termination of benefits, we review the decision of the ALJ to determine whether there is substantial evidence demonstrating there has been medical improvement which enables the claimant to engage in substantial gainful employment. See 42 U.S.C. Sec. 423(f)(1)(A), (B)(i). Here, the ALJ determined that although claimant cannot return to his prior employment due to his limitations, he is capable of performing certain sedentary or light work.
 
 
 9
 We have reviewed the record very carefully. Substantial evidence supports the ALJ's decision to discredit certain portions of claimant's testimony regarding the pain he experiences and the impact it has on him. The ALJ's review of the evidence included consideration of all relevant factors. See Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987); Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir.1991). Consequently, we reject this challenge to the agency decision.
 
 
 10
 Likewise, we reject claimant's argument that the hypothetical questions posed to the vocational expert were improper. As we have reiterated many times before, we agree with claimant's general proposition that " 'testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence.' " Id. at 1492 (quoting Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir.1990)). In this case, however, the ALJ's findings, which we have already determined were proper, were adequately reflected in the hypothetical. Thus, reliance on the answer was permissible. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993).
 
 
 11
 Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Appeals Council affirmed this decision, thus making it the final decision of the Secretary